UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

JESSAMY ROUSON, *on Behalf of the Estate of*
*John H. Rouson,*

                          Plaintiff,

           -against-

TANIA EICOFF and RICHARD EICOFF,

                      Defendants.

-------------------------------------------------------- X

MEMORANDUM AND ORDER

04-CV-2734 (ARR) (KAM)

MATSUMOTO, United States Magistrate Judge**:**

             Plaintiff Jessamy Rouson requests that this court reconsider its denial of

plaintiff's prior motion for sanctions, dated October 25, 2006, regarding defendants' expert's

supplemental report.  (See doc. no. 90, Letter filed by plaintiff, dated 1/30/07; see also doc. no.

78, plaintiff's motion for sanctions, dated 12/4/06.)  Notably, however, after the court denied

plaintiff's motion for sanctions (see order dated 1/13/07), plaintiff advised the court that "the

outstanding issue regarding [defendants' expert's] supplemental report has been resolved."

(Doc. no. 89, Letter filed by plaintiff, dated 1/16/07.)  Accordingly, because plaintiff represented

that the dispute regarding defendants' expert's supplemental report was resolved, thus rendering

moot its motion for sanctions as it pertained to defendants' expert report, the court declines to

treat the instant motion as a motion for reconsideration, which would be untimely.  See Local

Civil Rule 6.3 (Notice of motion for reconsideration shall be served within ten (10) days after

entry of the court's order).  Instead, the court will address the instant motion as a motion for

sanctions.  For the reasons that follow, the court grants in part and denies in part plaintiff's

motion.

**<u>BACKGROUND</u>**

On June 30, 2004, plaintiff Jessamy Rouson, on behalf of the estate of her father, John Rouson, commenced this action against defendants Tania and Richard Eicoff, alleging that, beginning in 1988, when John Rouson was disabled by two strokes, until Rouson's death in March 2000, the Eicoffs systematically defrauded Mr. Rouson out of several hundred thousand dollars while purportedly caring for Mr. Rouson and managing his finances. (Doc. no. 1, Compl. ¶ 13.) Specifically, plaintiff complains that Tania Eicoff misappropriated funds belonging to Mr. Rouson and held by Chase Manhattan Bank, CitiBank and Marine Midland Bank, by forging Mr. Rouson's signature on checks drawn on these accounts and then depositing them in an account at Northfield Savings Bank, which she established in her and Mr. Rouson's names. (<u>Id.</u> ¶¶ 33, 53-57.) Plaintiff further alleges that Tania Eicoff, by improperly utilizing her designation as Mr. Rouson's "power-of-attorney" and forging Mr. Rouson's signature, withdrew funds from the Northfield Savings Bank account and, without Mr. Rouson's consent, deposited those funds into accounts held by her and her husband for their own personal benefit. (<u>Id.</u> ¶¶ 59-74.) Plaintiff asserts violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. and state law.

On July 12, 2006, the court ordered defendants to provide expert reports and disclosures by October 16, 2006, and to make their experts available for depositions prior to November 15, 2006. (<u>See</u> order dated 7/12/06.) Defendants' counsel, Michael F. Mongelli II, Esq., served plaintiff an expert report on October 16, 2006, which stated, "A complete and thorough examination of all questioned signatures will be conducted." (<u>See</u> doc. no. 75, Letter

filed by plaintiff, dated 10/25/06, Exh. A.) On October 25, 2006, plaintiff's counsel, Jonathon D.

Warner, Esq., moved for the imposition of sanctions, and requested that defendants, *inter alia*, be

"precluded from offering any expert testimony at trial . . . [or] directed to provide a complete and

adequate report in compliance with the Federal Rules. . . ." (Doc. no. 75, Motion for Sanctions

filed by plaintiff, dated 10/25/06.) The court ordered, in relevant part, as follows:

> The court has reviewed defendants' expert report and agrees with
> plaintiff that it is "woefully inadequate" to the extent it fails to meet
> the minimum requirements of Fed. R. Civ. P. 26(a)(2)(B). Defendants
> shall supplement their expert's report by 11/13/06, and make their
> expert available for a deposition to be conducted on or before 12/15/06
> . . . . If defendants fail to comply with the order to provide complete
> discovery responses by 11/6/06 and an adequate expert's report by
> 11/13/06, plaintiff shall immediately notify the court by ECF.
> Defendants are advised that failure to comply with this court's order is
> likely to result in sanctions, including but not limited to costs and fees
> and other sanctions pursuant to Fed. R. Civ. P. 37.

(Order dated 10/25/06.)

On November 14, 2006, plaintiff advised the court that, despite the above order,

defendants failed to supplement their expert report. (See doc. no. 77, Letter filed by plaintiff,

dated 11/14/06.) On November 15, 2006, the parties participated in a status conference, during

which the court ordered defendants to provide a supplemental expert report and disclosures by

November 29, 2006, and noted that should they fail to do so, they "WILL" be sanctioned.

(Order dated 11/15/06.)

Although defendants timely faxed plaintiff a supplemental expert report on

November 29, 2006, the signature page was dated November 30, 2006 and signed by defendants'

counsel, Mr. Mongelli, but not by defendants' expert, Dennis J. Ryan. (See doc. no. 91,

Affidavit filed by defendants, dated 2/7/07 ("Mongelli Aff."), ¶ 9 and Exhibit J.) The report

contained a footer on all pages dated November 14, 2006, noted that the expert deposition fee

was $2,400, and stated,

> Mr. Ryan <u>will express an opinion</u> that based upon the lack of
> contemporaneous known handwriting samples of the decedent John H.
> Rouson, it is impossible for any expert, including Plaintiff's forensic
> handwriting expert Richard M. Williams[,] to come to a conclusion
> based upon a reasonable degree of forensic document certainty that
> John H. Rouson did or did not author various questioned documents or
> that said documents are a "simulation". . . .

(<u>Id.</u>, Exh. J, emphasis added.)

On December 4, 2006, plaintiff again moved for the imposition of sanctions

pursuant to Rule 37 of the Federal Rules of Civil Procedure.  (<u>See</u> doc. no. 78, Motion for

Sanctions filed by plaintiff, dated 12/4/06.)  Plaintiff claimed that defendants failed to provide

document discovery, in violation of court orders dated March 31, 2006, April 4, 2006, June 8,

2006 and July 7, 2006.  (<u>See</u> <u>id.</u> at 2-4.)  Plaintiff further claimed that defendants failed to

provide an "adequate" expert report, in violation of court orders dated July 12, 2006, October 25,

2006 and November 15, 2006.  (<u>See</u> <u>id.</u> at 3-5.)

On January 11, 2007, plaintiff's counsel also advised the court that he "had yet to

receive a supplemental expert report from Mr. Mongelli signed by the expert.  His office faxed

me a signature page <u>only</u> which was dated November 15th, although the supplemental expert

report was purportedly dated November 30th."  (Doc. no. 86, Letter filed by plaintiff, dated

1/11/07, emphasis added.)  That signature page was unattached to a report, dated November 15,

2006, and signed by both Messrs. Mongelli and Ryan.  (<u>See</u> <u>id.</u>)  However, the expert report

defendants previously faxed to plaintiff on November 29, 2006, stating that Mr. Ryan "will

express an opinion," was dated November 30, 2006 on the signature page and signed only by Mr.

Mongelli but not Mr. Ryan.

By letter dated December 20, 2006, defendants opposed plaintiff's motion and cross-moved for sanctions against plaintiff for plaintiff's purported "failure to provide any responsive discovery in this matter." (Doc. no. 81, Letter filed by defendants, dated 12/20/06.) Defendants asserted that plaintiff had "unclean hands" with respect to complying with discovery orders because plaintiff failed to: (1) adequately respond to defendants' December 2005 discovery demands; (2) provide document discovery pursuant to the court's April 4, 2006 order; (3) respond to defendants' June 2, 2006 request to depose plaintiff's expert; and (4) meet and confer before bringing discovery disputes before the court. (See id.) Plaintiff replied by letter dated December 21, 2007.

On January 13, 2007, the court denied both parties' motions for sanctions, finding,

> Upon review of this court's docket and the submissions of the parties, it appears that neither party has 'clean hands' with respect to their obligation to confer in good faith to resolve discovery disputes and with respect to the sufficiency of their discovery responses . . . . The court notes that both parties too readily accuse the other of failures to comply with discovery without first conferring in good faith and certifying that they have done so, and without identifying and specifying for this court, in the manner prescribed by Local Civil Rules 37.1 and 37.3 and the Federal Rules of Civil Procedure, the specific discovery request(s) and response(s) at issue and the grounds for contending that the discovery response is not adequate.

(Order dated 1/13/07.) The court ordered the parties to meet and confer in good faith, and that "[a] complete, signed and dated expert report shall be provided by all of defendants' experts by 1/17/07." (Id.)

Three days later, on January 16, 2007, plaintiff informed the court that "the

outstanding issue of Mr. Ryan's supplemental expert report has been resolved." (Doc. no. 89, Letter filed by plaintiff, dated 1/16/07.) Plaintiff attached a letter from Mr. Mongelli, dated January 16, 2007, which stated,

> [P]lease allow this letter to confirm that there is only <u>one</u> supplemental expert report dated November 15, 2006. There is no separate expert report dated November 30, 2006 . . . The only explanation I have for the November 30, 2006 date on an attachment is that it was printed and attached in a clerical error and thus of course, bears no signature of Dennis J. Ryan.

(<u>Id.</u>, Attachment 1, Letter filed by defendant, dated 1/16/07, emphasis in original.)

Plaintiff deposed Mr. Ryan on January 22, 2007. On January 30, 2007, plaintiff filed the instant "Motion for Reconsideration," requesting that the court "reconsider plaintiff's prior motion for sanctions as it pertained to defendants' expert disclosure." (Doc. no. 90, Motion filed by plaintiff, dated 1/30/07.) Plaintiff claimed that at Mr. Ryan's deposition,

> it was revealed that defendants' expert had **not** examined the evidence and had **not** reached an opinion by November 30, 2006, as defendants's counsel had led both the plaintiff and this Court to believe. Indeed, the expert, Dennis J. Ryan, produced a supplemental expert report dated November 15, 2006, . . . at the deposition which was **<u>different</u>** from the previously served and filed expert report. This real report was different . . . in that it did not give any conclusion as to the expert's opinion. The real report stated that the expert "**<u>may upon completion of his examination</u>** express an opinion."

(<u>Id.</u>, emphasis in original.) In addition, this most recent report dated November 15, 2006, and produced at the January 22, 2007 deposition, stated that Mr. Ryan's deposition fee was $3,600, not $2,400 as previously noted. (<u>See id.</u>, Exh. 2.) Plaintiff's counsel argued that the difference between the report signed by defendant's counsel, but not by defendants' expert, dated November 30, 2006 and received on November 29, 2006, which stated that Mr. Ryan "will express an opinion," and the defendants' expert's signed report dated November 15, 2006 (of

which the signature page only was previously produced) and produced in full at the January 22, 2007 deposition, which stated that Mr. Ryan "may upon completion of his examination express an opinion," is a "drastic[]" one. (<u>Id.</u> at 2.) The newly produced report, plaintiff asserted, "is tantamount to serving a report containing no opinion at all." (<u>Id.</u> at 3.)

Accordingly, the court ordered defendants to:

> submit a sworn statement by defense counsel with the following
> exhibits attached: (1) all drafts, including signature pages, if any, of
> Dennis J. Ryan's supplemental expert report which Mr. Ryan
> submitted to defendants; (2) all drafts defendants returned to and/or
> discussed with Mr. Ryan; (3) all changes made to Mr. Ryan's report by
> any person, including the dates those changes were made and the
> identity of any person making the changes . . . and (4) all expert
> reports (or parts thereof, including signature pages) provided by
> defendants to plaintiff and the dates the reports were provided.

(Order dated 1/31/07.)

Mr. Mongelli provided the requested documentation on February 7, 2007, but failed to adequately explain the reason for the discrepancy in the defendants' two expert reports, dated November 15 and November 30, 2006. (<u>See generally</u> Mongelli Aff.) First, Mr. Mongelli stated that he – and not Mr. Ryan – drafted Mr. Ryan's expert report: "I . . . personally drafted the November 14, 2006 affirmation containing . . . [the] 'will express an opinion' language." (<u>Id.</u> ¶ 9.) Indeed, that report is entitled "Response To Demand For Expert Witness Disclosure," written in the third person, and signed by Mr. Mongelli and not Mr. Ryan. (<u>Id.</u>, Exh. J.) Mr. Mongelli further claimed in his Affidavit that he never saw the defendants' expert's report dated November 15, 2006, with the "may upon completion of his review" language, until the morning of Mr. Ryan's January 22, 2007 deposition: "On the morning of the January 22, 2007 deposition, I met with Mr. Ryan in person for the very first time. During our preparation, I came upon the

version of the report bearing the November 14, 2006 footer . . . and 'may upon completion of his examination' language for the <u>very first time</u>."  (<u>Id.</u> ¶ 12, emphasis in original.)  In addition, Mr. Mongelli stated that Mr. Ryan "advised me that [the "will express an opinion" language] was indeed the truth and he would testify to same if Mr. Warner asked him about the different fee and/or language."  (<u>Id.</u>)

        Under questioning by plaintiff's counsel, Mr. Ryan testified, however, that he changed the report from "will express an opinion" to "may upon completion of his examination express an opinion," and faxed the edited version back to Mr. Mongelli before the deposition:

> Q:    I think you indicated earlier that you originally got a document that said in paragraph B that you, quote, "Will express an opinion", and then you changed that to "May upon completion of this examination express an opinion", correct?
>
> A:    Yes.
>
> Q:    When did you make that change?
>
> A:    I believe it was sent to me prior to December 1st and then it was signed and then we may have substituted that revised page as number 1 and then resent it to them on December 1st.
>
> Q:    Resent it to who?
>
> A:    Mr. Mongelli's office.  On December 1st, we sent that document that's – on or about December 1st we would have sent that document that's been marked as Plaintiff's 2.
>
> Q:    That's the document that read, "Mr. Ryan may upon completion of his examination express an opinion"?
>
> A:    Yes.
>
> . . .
>
> A:    I received Exhibit 1 [stating "will express an opinion"] first and then as I stated previously, I had make the modification to it to reflect the new statement that said, "May upon completion of his examination", [marked as Exhibit 2], so 1 is the first version of it and then 2 is the one that was subsequently accepted and signed.

(Ryan Dep. Tr. at 150:11-25; 151:1-8; 152:9-15, annexed as Exh. 3 to doc. no. 105, Letter filed

by plaintiff, dated 6/7/07.)  According to defendants' expert, he sent Mr. Mongelli the "may upon completion of his examination" version of Mr. Ryan's expert report on or about December 1, 2006 – almost two months before Mr. Ryan's January 22, 2007 deposition.  Therefore, contrary to the sworn testimony of defendants' expert, Mr. Mongelli apparently did not "come upon" that version of Mr. Ryan's report "for the very first time" at Mr. Ryan's deposition. (Mongelli Aff. ¶ 12.)

As plaintiff correctly noted in response, "[D]efendants' attorney has failed to explain why the unsigned supplemental report he served on plaintiff and filed with this Court in opposition to plaintiff's motion for sanctions was drastically different from the signed supplemental report produced by Mr. Ryan at his deposition."  (Doc. no. 92, Letter filed by plaintiff, dated 2/8/07.)  Plaintiff further noted, "[D]efendants filed a report indicating that their expert had actually reviewed the evidence and reached a conclusion before he had done so in order to avoid a preclusion order."  (Id.)  Plaintiff requests that defendants' expert report be precluded, and "defendants and their attorney should be directed to reimburse plaintiff for the cost of the expert's deposition."  (Id.)

Defendants' counsel responded to plaintiff's submission on February 17, 2007. Mr. Mongelli noted, first, that Mr. Ryan "adopted on direct examination by defendant's counsel the statements set forth in the original unsigned supplemental report (concerning Exhibit '1' at the deposition containing the 'will express an opinion' language and Two Thousand and Four Hundred and 00/100 ($2,400.00) fee) . . . ."  (Doc. no. 94, Letter filed by defendants, dated 2/17/07, quoting doc. no. 92.)  That adoption, Mr. Mongelli asserted, "should be all the Court needs to see to dispel the scurrilous allegations of Plaintiff's counsel . . . ."  (Id.)  Second, Mr.

Mongelli disputed that Mr. Ryan had not completed his review of the evidence before his deposition. Mr Mongelli claimed that he never directed Mr. Ryan to examine the "questioned" documents, but rather, only to review and render an opinion regarding the "known" documents, which Mr. Ryan did complete reviewing by the time of his deposition.[1] (Doc. no. 92; <u>see also</u> Ryan Dep. Tr. at 44:17-25; 45:1-19; 81:12-19; 111:19-25 and 112:1-23.)

In order to resolve this issue, the court directed plaintiff to file the complete deposition transcript of Mr. Ryan's January 22, 2007 deposition. (<u>See</u> order dated 6/6/07.) Plaintiff did so on June 7, 2007. (<u>See</u> doc. no. 105, Letter filed by plaintiff, dated 6/7/07, Exh. 3.)

The court has reviewed the foregoing submissions and, for the reasons set forth below, declines to preclude Mr. Ryan's expert report, but orders defendants' counsel, Mr. Michael Mongelli II, Esq., and not defendants, to reimburse plaintiff's counsel's costs and fees for: (1) preparing and filing eight letters to the court seeking to resolve the expert report issue; and (2) deposing Mr. Ryan about the difference in the two expert reports.

## DISCUSSION

### A.     *Bases For Sanctions*

Federal Rule of Civil Procedure Rule 26(a)(2) governs expert discovery, and provides, in relevant part:

> (A) [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or

---

[1] The "known" documents refer to nineteen (19) samples of Mr. Rouson's purported signature. (<u>See</u> Mongelli Aff. ¶ 4, Exhs. A and L.) The "questioned" documents refer to three hundred and ninety eight (398) samples of signatures and other writing about which the authorship is questioned. (<u>Id.</u> ¶ 3.)

705 of the Federal Rules of Evidence.
(B) Except as otherwise stipulated or directed by the court, this disclosure shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions expressed and the basis and reasons therefor . . . .
(C) These disclosures shall be made at the times and in the sequence directed by the court.

Rule 37, entitled, "Failure to Make Disclosures or Cooperate in Discovery; Sanctions," provides procedures for compelling disclosures mandated by Rule 26(a). Rule 37(a)(2)(A) provides for the imposition of sanctions "[i]f a party fails to make disclosure required by Rule 26(a) . . . ." In addition, pursuant to Rule 37(c)(1), if a party "without substantial justification fails to disclose information required by Rule 26(a). . ." the court, "in addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure," may impose sanctions, including but not limited to any of the actions authorized under Rule 37(b)(2)(A), (B), and (C). See MCI Worldcom Commc'ns, Inc. v. Gamma Commc'ns Group, Inc., 204 F.R.D. 259, 261 (S.D.N.Y. 2001).

Those sanctions include:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action. . . . ;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
(C) An order striking the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)-(C).

Rule 16(f) also provides a basis for the court, on its own initiative, or upon a motion by a party, to impose sanctions if a party or attorney fails to obey a scheduling order or a

pretrial order, such as those at issue in the instant motion. The sanctions provided by Rule 16(f) are the same as those provide by Fed. R. Civ. P. 37(b)(2)(B), (C) and (D). Like Rule 37, Rule 16(f) also provides that, in lieu of or in addition to any other sanction, the judge "shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." In determining whether sanctions pursuant to Rule 16(f) are appropriate, courts apply the same standards developed with respect to Rule 37(b)(2) sanctions. See Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards."); Salahuddin v. Harris, 782 F.2d 1127, 1133 (2d Cir. 1986); Mack v. United States Postal Serv., No. 92 CV 0068, 1996 WL 546276, at *1 (E.D.N.Y. Sept. 18, 1996).

　　　　The court issued several orders regarding expert disclosures and discovery, pursuant to Federal Civil Rules 16(b), c(6) and (e) and 26(a)(2)(A)-(C), (b)(4). By order dated July 12, 2006, the court ordered, *inter alia*, that the defendants provide expert reports and disclosures by October 16, 2006. Although defendants provided plaintiff a report by October 16, 2006, the report failed to meet the requirements of Federal Civil Rule 26(a)(2)(B). The court, finding defendants' expert report "woefully inadequate," then ordered defendants to provide a supplemental expert report by November 13, 2006. (See order dated 10/25/06.) Defendants failed to do so. (See doc. no. 77.) The court again ordered defendants to provide a supplemental expert report by November 29, 2006, and warned that failure to comply with the

order "WILL" result in sanctions. (Order dated 11/15/06.) Defendants again failed to provide

plaintiffs an expert report that met the requirements of Rule 26(a)(2)(B). As noted, supra, the

report provided by defendants' expert in November 2006 was not prepared and signed by

defendants' expert, but instead was drafted and signed by defendants' counsel, was misdated and

stated in the future tense that the expert "will express an opinion" rather than "provide a

complete statement of all opinions to be expressed and the basis and reasons therefore," as

required by Fed. R. Civ. P. 26(a)(2)(B).

       The foregoing orders and the record before the court provide a proper basis upon

which Rule 37(b) sanctions may be issued. See, e.g., Daval Steel Prods. v. M/V Fakredine, 951

F.2d 1357, 1363 (2d Cir. 1991) (holding that Rule 37(b) provides a basis to impose sanctions for

noncompliance with any "clearly articulated order of the court requiring specified discovery");

MCI Worldcom Commc'ns, Inc., 204 F.R.D. 259 (imposing sanctions for failure to provide Rule

26(a) disclosures and to comply with court's discovery plan); Camara v. Daise, No. 98 Civ. 808,

2001 WL 263006 (S.D.N.Y. Mar. 9, 2001) (holding that "scheduling orders" provide a proper

basis for sanctions under Rules 16(f) and 37(b)).

**B.**      ***Defendants' Violations of Court Orders and the Federal Rules of Civil Procedure Warrant the Imposition of Sanctions***

       The court finds that sanctions are appropriate in this case because defendants'

counsel repeatedly violated court orders requiring timely production of a complete, signed and

dated expert report, pursuant to Rules 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure.

       The court continually warned that failure to comply with its orders would likely

result in sanctions. (See order dated 10/25/06, stating that "failure to comply with this court's

order is likely to result in sanctions;" and order dated 11/15/06, stating that failure to comply

with the order "WILL" result in sanctions.)  Defendants nevertheless failed to comply with those orders.

In a vain attempt to comply with those orders, defendants' counsel submitted an expert report, dated November 30, 2006 on the signature page but November 14 in its footer, to plaintiff on November 29, 2006 that did not accurately reflect the opinions of defendants' expert. Mr. Ryan testified that once he received the report dated November 14 in its footer and drafted by Mr. Mongelli, stating that he "will express an opinion," Mr. Ryan modified that statement to "may upon completion of his examination express an opinion."  (Ryan Dep. Tr. at 150:11-25; 151:1-8; 152:9-15.)  On or about December 1, 2006, Mr. Ryan signed the edited version, stating that he "may . . . express an opinion," and faxed it to Mr. Mongelli.  (Id.)  There is nothing in the record establishing that Mr. Ryan ever signed a report stating that he "will express an opinion." (Id. at 153:24-25 and 153:1-3.)  Nevertheless, knowing that defendants' expert had not signed the report stating that he "will express an opinion," and that defendants' expert had, in fact, changed that language, Mr. Mongelli submitted the report to plaintiffs on November 29, 2006. (See Mongelli Affidavit ¶ 10.)  By doing so, Mr. Mongelli falsely held out the report as one endorsed by his expert.

When the court then ordered defendants' counsel to explain the discrepancy between the report dated November 30, 2006 and signed by Mr. Mongelli (stating that Mr. Ryan "will express an opinion"), and the report dated November 15, 2006, signed by Mr. Ryan and produced for the first time at Mr. Ryan's deposition on January 22, 2007 (stating that Mr. Ryan "may" express an opinion), Mr. Mongelli prevaricated.  Mr. Mongelli failed to acknowledge either (1) that Mr. Ryan did not sign the report Mr. Mongelli served on plaintiff; or (2) that Mr.

Ryan, in fact, disagreed with the report drafted and signed by defense counsel and served on plaintiff. Instead, Mr. Mongelli represented in his submissions to the court that on the morning of Mr. Ryan's January 22, 2007 deposition, he "came upon the version of the report bearing the . . . 'may upon completion of his examination' language for the <u>very first time</u>." (<u>Id.</u> ¶ 12, emphasis in original.) Mr. Ryan, however, testified that he faxed his edited report, in which he changed "will express an opinion" to "may upon completion of his examination express an opinion," back to Mr. Mongelli on or about December 1, 2006 – almost two months before Mr. Ryan's January 22, 2007 deposition.

In response to plaintiff's opposition to his affidavit, Mr. Mongelli again failed to explain either the discrepancy between the two reports or his statement that he "came upon" the second report only on the morning of Mr. Ryan's January 22, 2007 deposition. (<u>Id.</u>) Instead, he attempted to once again obscure his actions by asserting: (1) plaintiff's request for preclusion was "moot" because Mr. Ryan "adopted" the language of the November 29, 2006, unsigned report at his deposition, and (2) accordingly, plaintiff was not prejudiced by the variation in the reports. (Doc. no. 94 at 1-4.)

Moreover, the report submitted on November 29, 2006 (and subsequently adopted by Mr. Ryan) failed to meet the requirements of Rule(a)(2)(B) of the Federal Rules of Civil Procedure because it was not prepared and signed by defendants' expert. Rule(a)(2)(B) provides that expert disclosures "shall . . . be accompanied by a written report <u>prepared and signed</u> by the witness." Emphasis added; <u>see also</u> <u>NIC Holding Corp. v. Lukoil Pan Americas, LLC</u>, No. 05 CIV. 9372, 2007 WL 1467424, at *2 n.1 (S.D.N.Y. May 16, 2007). The 1993 Advisory Committee Notes to Rule 26(a)(2)(B) provide as follows:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

"Accordingly, attorneys are not precluded from assisting expert witnesses in the preparation of their reports so long as the witness remains substantially involved." Keystone Mfg. Co., Inc. v. Jaccard Corp., 394 F. Supp. 2d 543, 568 (W.D.N.Y. 2005); see also Isom v. Howmedica, Inc., No. 00 C 5872, 2002 WL 1052030, at *1 (N.D. Ill. May 22, 2002) (finding that expert report drafted by attorney after extensive discussions with expert witness satisfied Rule 26(a)(2)(B)); Manning v. Crocket, No. 95 C 3177, 1999 WL 342715, at *3 (N.D. Ill. May 18, 1999) ("[S]ome attorney involvement in the preparation of an expert report is permissible, but . . . the expert must also substantially participate in the preparation of his report").

In this case, defendants' expert neither prepared the expert report himself nor was "substantially involved" in the report's preparation. Keystone, 394 F. Supp. 2d at 568. Mr. Mongelli stated that, after providing Mr. Ryan with copies of Mr. Rouson's "known" signatures, he "personally drafted the November 14, 2006 affirmation containing . . . [the] 'will express an opinion' language." (Doc. no. 91, Mongelli Affidavit ¶ 9, emphasis added.) Once Mr. Ryan received that draft, he changed the language to "may upon completion of his examination express an opinion." (Ryan Dep. Tr. at 45:25 and 46:1-23.) In response to questions regarding the preparation of the report, Mr. Ryan testified at his deposition, in relevant part, as follows:

> Q:  Just so I understand, Plaintiff's Exhibit 1 [stating that Mr. Ryan "will express an opinion"] reflects wording that was sent to you by Mr. Mongelli and you rejected it?
>
> A:  I made a revision to it to reflect the wording that I provided on Plaintiff's Exhibit 2 [stating that Mr. Ryan "may . . . express an

opinion"].

> Q:  Do I understand that Mr. Mongelli wrote Plaintiff's Exhibit 1 and sent it to you?
>
> A:  Mr. Mongelli's office.  Someone in his office prepared that and sent that to me, that's correct.

(Id.; cf. Keystone, 394 F. Supp. 2d at 568 (declining to preclude an expert report because the expert stated "that he was actively and substantively involved in the preparation and content of his report, . . . that he thoroughly read it prior to affixing his signature . . . [and] he ratified and confirmed that the opinions set forth in the report are his own expert opinions").)

Furthermore, defendants' counsel still has yet to provide a signed expert report to plaintiff.  The version Mr. Mongelli faxed to plaintiff on November 29, 2007, which stated that Mr. Ryan "will express an opinion," contained only the signature of Mr. Mongelli.  (See doc. no. 86.)  Mr. Ryan, instead, signed the report produced at his deposition, which stated that he "may . . . express an opinion."  (Ryan Dep. Tr. at 150:7-25; 151:1-25; 152:1-15.)  However, Mr. Ryan adopted the first, unsigned version at his deposition.  (See Ryan Dep. Tr. at 233:5-13.)  Thus, despite all of the above, defendants' counsel has still failed to provide plaintiff with an expert report signed by defendants' expert, and not just defendants' lawyer.

## C.    *Amount of Sanctions*

The court has broad discretion to impose sanctions for failure to comply with its orders pursuant to Rule 16(f) and 37(a)(2)(A).  See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses."), cert. denied 528 U.S. 1119; USA Gateway Inc. v. Spring Travel, No. 03 Civ. 4026, 2004 WL 3030183, at *4 (S.D.N.Y. Dec. 30, 2004); Dimensional Sound, Inc. v. Rutgers University, No. 92 CIV. 2350,

1996 WL 11244, at *3 (S.D.N.Y. Jan.10, 1996) ("Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply [with discovery].").

Failure to comply with discovery orders may warrant the imposition of monetary sanctions. See Jiminez v. Sullivan, No. 03 Civ. 7293, 2004 WL 3019490, at *4 (S.D.N.Y. Dec. 30, 2004) (ordering plaintiff's counsel to "pay all costs of the [newly required] depositions, including a reasonable attorneys' fee for defendants' counsel" because plaintiff's counsel failed to produce expert reports "in a timely fashion"); Sheehy v. Wehlage, No. 02 CV 592A, 2007 WL 836816, at *13 (W.D.N.Y. Jan. 29, 2007) (imposing monetary sanctions because of "the numbers of discovery motions in this case by the . . . defendants and the extremity and temerity of plaintiffs' inaction"); Lavi v. City of New York, No. 05 Civ. 8007, 2007 WL 1573904, at *6 (S.D.N.Y. May 24, 2007) (imposing "a sanction of reasonable attorney's fees and costs incurred in seeking this particular discovery and in preparing the sanctions motion").

Because of defendants' counsel's obfuscations, plaintiff was prejudiced by the substantial time and effort spent fruitlessly attempting to obtain a complete, compliant and accurate expert report. Indeed, plaintiff's counsel has written eight letters and/or motions to this court, from October 16, 2006 through June 7, 2007, seeking to clarify defendants' expert discovery. (See docs. nos. 75, 77, 86, 89, 90, 92, 104 and 105.) Accordingly, pursuant to Rule 16(f) and 37(c) of the Federal Rules of Civil Procedure, defendants' counsel, but not defendants, shall pay for the reasonable attorney's fees and costs for plaintiff's eight applications to this court to compel expert discovery (docs. nos. 75, 77, 86, 89, 90, 92, 104 and 105). By June 29, 2007, plaintiff's counsel shall submit a sworn statement with supporting documentation regarding the time he spent on the foregoing submissions regarding defendants' expert's report,

and justifying his hourly rate.

In addition, defendants' counsel shall also reimburse plaintiff's counsel for his costs and fees in examining Mr. Ryan about the various versions of the expert reports, as follows. Mr. Warner questioned Mr. Ryan about the variations in the expert reports at pages: 5:24-25; 6:6-25; 7:2; 42:22-25; 43:1-25; 44:1-25; 44:1-25; 45:1-6 and 25; 46:1-25; 47:1-4; 147:24-25; 148:1-11; 149:19-25; 150:1-25; 151:1-25; 152:1-25; 153:1-25; 154:1-25; 155:1-25; 156:1-2; 189:12-25; 190:1-2; and 202:19-25, for a total of 294 lines.[2] The deposition transcript is 252 pages (after discounting the first three pages without questioning) and 6048 lines long (252 pages x 24 lines/page[3]). Accordingly, Mr. Warner spent 4.86% of his time at the deposition questioning Mr. Ryan about defendants' faulty expert reports (4.86% = 294/6048). In addition, Mr. Mongelli questioned Mr. Ryan about the various expert reports at pages 203:6-25; 204:1-25; 205:1-25; 206:1-3; 208:4-25; 209:1-20; 210:4-7 and 20; 211:1-25; 212:1-3; and 233:5-13, for a total of 151 lines. Similarly, Mr. Mongelli spent 2.49% of the deposition clarifying the difference between the expert reports (2.49% = 151/6048). Consequently, Mr. Warner spent approximately 7% of his time at Mr. Ryan's deposition attempting to clarify defendants' opinion and reports. Therefore, defendants' counsel shall reimburse Mr. Warner for 7% his costs and fees accrued in taking Mr. Ryan's deposition. By June 29, 2007, plaintiff's counsel shall submit a sworn statement and supporting documentation regarding the costs and fees incurred in examining Mr. Ryan regarding clarification of his expert opinion and reports.

---

[2] Because the first line of every page in the deposition transcript is blank, the court did not include any first lines in its calculations.

[3] See id.

***D.***       ***Defendants' Expert Report is Not Precluded***

        Rule 37(c)(1) provides, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use [it] as evidence at a trial . . . . In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). "Notwithstanding the seemingly mandatory language of the rule, even where the failure to disclose is neither 'justifi[ed]' nor 'harmless,' the Second Circuit has viewed the imposition of sanctions as discretionary and district courts have generally not ordered preclusion." Mahoney v. Keyspan Corp., No. CV 04-554, 2007 WL 1651853, *1 (E.D.N.Y. June 6, 2007) (citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir.2006)); Northington v. Gospel Volunteers, Inc., No. 04 CIV 7589, 2007 WL 1175292, at *1 (S.D.N.Y. Apr. 18, 2007); Atkins v. County of Orange, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005) (citing cases); Potter v. Phillips, No. CV 03-4942, 2004 WL 3250122, at *2 (E.D.N.Y. Mar. 28, 2004) ("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely")). Moreover, "[e]ven where the failure to disclose is neither "substantial[ly] justifi[ed]" nor "harmless," preclusion is not automatic." Id.; see also Design, 469 F.3d at 297-98.

        Courts consider four factors when determining whether to preclude expert testimony. See Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955 (2d Cir. 1997); Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2004); Atkins, 372 F. Supp. 2d at 396. Those factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the

opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, 118 F.3d at 961 (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)); see also Patterson, 440 F.3d at 117.

In this case, the first factor weighs in favor of preclusion because defendants' counsel has failed to adequately explain – despite several opportunities to do so – why he has failed to comply with the court's discovery orders, and why he provided plaintiff's counsel with two different version of Mr. Ryan's expert report. The remaining factors, however, weigh against preclusion. First, Mr. Ryan's testimony is crucial to the litigation because defendants offer Mr. Ryan to rebut one of plaintiff's critical allegations in this case: that Tania and Richard Eicoff forged Mr. Rouson's signature in order to withdraw funds from Mr. Rouson's accounts. (See Compl. ¶¶ 13, 33, 53-74.) Second, except for the expenditure of fees, plaintiff was not substantively prejudiced by receiving one version of Mr. Ryan's expert report before Mr. Ryan's deposition, and a different version at the deposition. Plaintiff's counsel claims that he did not have an accurate basis on which to examine Mr. Ryan because Mr. Ryan had not completed his review of the documents by the time of his deposition. Plaintiff asserted, Mr. Ryan "admitted on cross examination that he still ha[d] 'no opinion with respect to the authenticity of lack of authenticity of any of the *questioned* documents.'" (Doc. no. 92, emphasis added.) However, Mr. Mongelli never directed Mr. Ryan to examine the "questioned" documents, but rather, only to review and render an opinion regarding the "known" documents. (See Ryan Dep. Tr. at 44:17-25; 45:1-19; 81:12-19; 111:19-25 and 112:1-23.) Therefore, Mr. Ryan did not review the "questioned" documents and his expert report renders no opinion about the "questioned" documents. Mr. Ryan completed his review of all known documents, the only documents on

which he based his report, by the time of his January 22, 2007 deposition, affording plaintiff amply opportunity to question Mr. Ryan about his conclusions.  (See doc. no. 90, Exhs. 1 and 2; Ryan Dep. Tr. at 210:4-11.)  Third, although a continuance is possible as no trial date has been set, precluding defendants' expert would only seek to prolong this action, filed almost three years ago.  See Sofitel, 118 F.3d at 962-963.

Accordingly, the court declines to preclude Mr. Ryan's expert report, but orders plaintiff's counsel, by June 29, 2007, to: (1) submit documentation regarding his fees and costs in making eight applications to this court seeking disclosure of expert testimony (docs. nos. 75, 77, 86, 89, 90, 92, 104 and 105); and (2) submit documentation regarding the costs and fees associated with Mr. Ryan's deposition, to the extent that plaintiff's counsel may recover 7% of his costs and fees incurred.  By June 29, 2007, defendants' counsel shall provide plaintiff with a signed and dated expert report.

## CONCLUSION

The court determines that, in these circumstances, a monetary sanction against defendants' counsel, representing a portion of the costs and fees expended by plaintiff on moving to compel expert discovery from defendants, is just and authorized by Rule 37(b)(2) (in lieu of sanctions enumerated in 37(b)(2)(A)-(E), "the court shall require the party . . . or the attorney . . . to pay the reasonable expenses, including attorneys fees, caused by the failure").  The court further finds that the purposes of Rule 37(b) and 16(f) would best be served by imposing sanctions upon defendants' counsel, rather than defendants themselves.  See J.M. Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 344 (D.C. Conn. 1981) (noting that, where an attorney is responsible for failing to comply with discovery orders, Rule 37(b) permits the court to hold that

attorney personally liable for the award of fees and expenses). At a minimum, defendants' counsel has failed to explain why he has continually failed to comply with the court's deadlines, much less explain the differences between the expert report he submitted to plaintiff's counsel and the report he subsequently produced at Mr. Ryan's deposition, despite having been ordered to do so.

**SO ORDERED.**

Dated:   June 25, 2006
            Brooklyn, NY

_____/s/_____
**Kiyo A. Matsumoto**
United States Magistrate Judge